UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

---

ELAINE WANG,

    Plaintiff,

v.

ALDER BIOPHARMACEUTICALS, INC., ROBERT W. AZELBY, PAUL R. CARTER, PAUL B. CLEVELAND, JEREMY C. GREEN, A. BRUCE MONTGOMERY, HEATHER PRESTON, CLAY B. SIEGALL, and WENDY L. YARNO,

    Defendants.

---

Case No. _____

**COMPLAINT FOR VIOLATIONS OF SECTIONS 14(e), 14(d) AND 20(a) OF THE SECURITIES EXCHANGE ACT OF 1934**

**JURY TRIAL DEMANDED**

Elaine Wang ("Plaintiff"), by and through her attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1. This is an action brought by Plaintiff against Alder BioPharmaceuticals, Inc. ("Alder" or the "Company") and the members of Alder's board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), in connection with the proposed acquisition of Alder by affiliates of H. Lundbeck A/S, a Danish *aktieselskab* ("Lundbeck").

2. Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading Solicitation Statement on Schedule 14D-9 (the "Solicitation Statement") to be filed on September 23, 2019 with the United States Securities and

Exchange Commission ("SEC") and disseminated to Company stockholders. The Solicitation Statement recommends that Company stockholders tender their shares in support of a proposed transaction whereby Violet Acquisition Corp., a wholly-owned subsidiary of Lundbeck, will merge with and into Alder, with Alder continuing as the surviving corporation (the "Proposed Transaction"). Pursuant to the terms of the definitive agreement and plan of merger the companies entered into (the "Merger Agreement"), each Alder common share issued and outstanding will be converted into the right to receive $18.00 per share in cash, along with one non-tradeable Contingent Value Right ("CVR") of $2.00 per share, which will paid upon the approval by the European Commission of the "Marketing Authorization Application" of the Company's experimental migraine drug, Eptinezumab, in the European Union (the "Merger Consideration").

3. Defendants have now asked Alder's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Solicitation Statement, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act. Specifically, the Solicitation Statement contains materially incomplete and misleading information concerning, among other things: (i) Alder's financial projections relied upon by the Company's financial advisor, Centerview Partners LLC ("Centerview"), in its financial analyses; (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Centerview; and (iii) the sales process. The failure to adequately disclose such material information constitutes a violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act as Alder stockholders need such information in order to tender their shares in support of the Proposed Transaction.

4. It is imperative that the material information that has been omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the expiration of the tender offer.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to Alder's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(e), 14(d), and 20(a) of the Exchange Act and SEC Rule 14a-9.

7. Personal jurisdiction exists over each Defendant either because each is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because Alder is incorporated in this District.

## PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of Alder common stock and has held such stock since prior to the wrongs complained of herein.

10. Individual Defendant Robert W. Azelby is the Company's President and Chief Executive Officer and has served as a member of the Board since June 2018.

11. Individual Defendant Paul R. Carter has served as a member of the Board since September 2015.

12. Individual Defendant Paul B. Cleveland has served as a member of the Board since August 2015 and as Chairman of the Board since November 2018.

13. Individual Defendant A. Bruce Montgomery has served as a member of the Board since October 2010.

14. Individual Defendant Heather Preston, has been a member of the Board since December 2007.

15. Individual Defendant Clay B. Siegall has served as a member of the Board since November 2005.

16. Individual Defendant Wendy L. Yarno has served as a member of the Board since March 2017.

17. Defendant Alder is incorporated in Delaware and maintains its principal offices at 11804 North Creek Parkway South Bothell, Washington 98011. The Company's common stock trades on the NASDAQ Stock Exchange under the symbol "ALDR."

18. The defendants identified in paragraphs 10-16 are collectively referred to as the "Individual Defendants" or the "Board."

19. The defendants identified in paragraphs 10-17 are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

**A.   The Proposed Transaction**

20. Alder BioPharmaceuticals, Inc. operates as a clinical-stage biopharmaceutical company. It discovers, develops, and commercializes therapeutic antibodies to transform the treatment paradigm for patients with migraine in the United States, Australia, and Ireland. The

Company's lead product candidate is eptinezumab, a monoclonal antibody (mAb) inhibiting calcitonin gene-related peptide, which is in the late-stage clinical development for the prevention of migraine. It also develops ALD1910, a preclinical mAb that inhibits pituitary adenylate cyclase-activating polypeptide-38 for migraine prevention; and Clazakizumab, a mAb inhibiting the pro-inflammatory cytokine interleukin-6 that has completed two Phase 2b clinical trials. The Company has strategic collaboration with CSL Limited for the development of clazakizumab as a therapeutic option for solid organ transplant rejection. Alder was incorporated in 2002 and is headquartered in Bothell, Washington.

21. On September 16, 2019, the Company and Lundbeck jointly announced the Proposed Transaction:

> VALBY, Denmark and BOTHELL, Wash., Sept. 16, 2019 (GLOBE NEWSWIRE) -- H. Lundbeck A/S (Lundbeck) and Alder BioPharmaceuticals (NASDAQ: ALDR) (Alder) today announced a definitive agreement for Lundbeck to acquire Alder. Under the terms of the agreement, Lundbeck will commence a tender offer for all outstanding shares of Alder, whereby Alder stockholders will be offered an upfront payment for USD 18.00 per share in cash, along with one non-tradeable Contingent Value Right (CVR) that entitles them to an additional USD 2.00 per share upon approval of eptinezumab by the European Medicines Agency (EMA), representing a total potential consideration of USD 20.00 per share. The transaction is valued at up to USD 1.95 billion (approximately DKK 13 billion) net of cash, on a fully diluted basis.
>
> Alder is a clinical-stage biopharmaceutical company committed to transforming migraine treatment through the discovery, development and commercialization of novel therapeutic antibodies. Through this acquisition, Lundbeck will continue to expand the range of brain diseases for which the company brings its leading and best-in-class therapies to patients. In addition, by acquiring Alder, Lundbeck will further enhance its capabilities to deliver future biological innovations in brain diseases.
>
> Alder is developing eptinezumab for the preventive treatment of migraine in adults. Eptinezumab is an investigational monoclonal

antibody (mAb) that is administered as a quarterly 30-minute IV infusion. Eptinezumab was designed for immediate and complete bioavailability with high specificity and strong binding for suppression of calcitonin gene-related peptide (CGRP), a neuropeptide believed to play a key role in mediating and initiating migraines. If approved by the U.S. Food and Drug Administration (FDA), it will be the first IV CGRP therapy for migraine prevention. Alder is also developing ALD1910, a mAb designed to inhibit pituitary adenylate cyclase-activating polypeptide (PACAP) for migraine prevention. Eptinezumab, together with ALD1910, will help establish Lundbeck as an emerging leader in migraine and other pain syndromes.

Alder submitted a Biologics License Application (BLA) to the FDA for eptinezumab in February 2019 and the FDA has set a Prescription Drug User Fee Act (PDUFA) action date of 21 February 2020. Lundbeck expects to submit eptinezumab for approval to regulatory authorities in the European Union during 2020, followed by submissions for approval in other regions around the world including China and Japan.

**Strategic benefits**
The proposed transaction is anticipated to significantly strengthen Lundbeck's business as early as 2020, accelerating the build of Lundbeck's late-stage pipeline and providing access to new capabilities in the monoclonal antibody field. The addition of eptinezumab will expand Lundbeck's leading global brain disease franchise. Lundbeck intends to leverage its proven expertise in neuroscience, and its highly effective organization across 56 countries, to maximize the opportunity to serve patients suffering from brain diseases, including migraine.

The acquisition of Alder will support Lundbeck's aim to deliver long-term sustainable growth and is consistent with capital allocation priorities. The transaction is expected to accelerate and diversify Lundbeck's revenue growth with the expected U.S. launch of eptinezumab for preventive treatment of episodic and chronic migraine in 2020 and the expected expansion of indications for the product. Lundbeck will gain an early-stage antibody, ALD1910, against a separate target for migraine and other pain syndromes with the potential to leverage the expertise in migraine across a broader product offering. Lundbeck will also gain access to a team with strong monoclonal antibody expertise, accelerating Lundbeck's capabilities in this arena. The transaction is expected to be core EPS accretive in 2023 assuming FDA

approval in the first quarter of 2020 followed by regulatory approvals in other regions including Europe.

* * *

**Terms, closing conditions and financing**
Under the terms of the agreement, Lundbeck will commence a tender offer for all outstanding shares of Alder, whereby Alder stockholders will be offered an upfront payment for USD 18.00 per share in cash, along with one non-tradeable Contingent Value Right (CVR) of USD 2.00 per share. The upfront cash consideration represents a 79% premium to Alder's shareholders based on the closing price on 13 September 2019 and an approximately 3% discount based on the 52-week high share price.

The non-tradeable CVR will be paid upon the approval by the European Commission of a "Marketing Authorization Application" in the European Union, through the centralized procedure. The terms of the CVR payment reflect the parties' agreement over the sharing of potential economic upside benefits from such approval. There can be no assurance such approval will occur or that any contingent payment will be made.

Lundbeck will acquire any shares of Alder not tendered into the tender offer through a merger for the same per share consideration as will be payable in the tender offer. The merger will be effected as soon as practicable after the closing of the tender offer.

The Board of Alder has unanimously approved the transaction and Alder will file a recommendation to shareholders recommending they tender their shares to Lundbeck. The transaction is expected to close in the fourth quarter of 2019, subject to customary closing conditions, including the tender of more than 50% of all shares of Alder outstanding at the expiration of the offer and receipt of required regulatory clearances, which includes a Hart-Scott-Rodino review in the U.S. The terms and conditions of the tender offer will be described in the tender offer documents, which will be filed with the U.S. Securities and Exchange Commission.

Lundbeck expects to fund the acquisition through existing cash resources and bank financing.

**Advisors**

For Lundbeck, MTS Health Partners and PJT Partners are acting as the exclusive financial advisors and Baker McKenzie is acting as legal advisor in this transaction. For Alder, Centerview Partners is acting as exclusive financial advisor and Skadden, Arps, Slate, Meagher & Flom LLP and Cooley LLP are acting as legal advisors.

\* \* \*

22.     It is imperative that Alder's stockholders are provided with the material information that has been omitted from the Solicitation Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests.

**B.      The Materially Incomplete and Misleading Solicitation Statement**

23.     On September 23, 2019, Alder filed the Solicitation Statement with the SEC in connection with the Proposed Transaction. The Solicitation Statement was furnished to the Company's stockholders and solicits the stockholders to tender their shares in support of the Proposed Transaction. The Individual Defendants were obligated to carefully review the Solicitation Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Solicitation Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to tender their shares, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act.

24.     The Solicitation Statement omits material information regarding the Company's financial projections and the valuation analyses performed by Centerview, the disclosure of which is material because it provides stockholders with a basis to project the future financial performance of the target company, and allows stockholders to better understand the analyses performed by the financial advisor in support of its fairness opinion of the transaction.

8

25. For the Management Projections for all three scenarios, Case A, Case B, and Case C (the "Projections"), prepared by Company management for Alder, the Solicitation Statement provides values for non-GAAP (Generally Accepted Accounting Principles) financial metrics such as (1) EBIT, and (2) Unlevered Free Cash Flow, but fails to disclose: (i) the line items used to calculate the non-GAAP measures, or (ii) a reconciliation of these non-GAAP metrics to their most comparable GAAP measures, in direct violation of Regulation G. Solicitation Statement 26-28.

26. With respect to the *Selected Public Company Analysis*, the Solicitation Statement fails to disclose the individual multiples and metrics for the companies observed by Centerview in the analysis.

27. With respect to the *Selected Precedent Transactions Analysis*, the Solicitation Statement fails to disclose: (i) the individual premiums for the transactions observed by Centerview in the analysis; and (ii) the Company's fully-diluted shares outstanding as of October 31, 2019.

28. With respect to the *Discounted Cash Flow Analysis*, the Solicitation Statement fails to disclose: (i) the projected terminal values for the companies; and (ii) the basis for applying a rate of free cash flow decline year-over-year of 80.0% and discount rates ranging from 10.0% to 12.0%.

29. In regards to the *Background of the Offer and the Merger*, the Solicitation Statement omits material information regarding the confidentiality agreements executed by the Company and eleven potential bidders including Lundbeck, i.e., whether the agreements contained a "don't-ask-don't-waive" provision, and why only three of the eleven agreements contained standstill provisions. Solicitation Statement at 13.

30. In sum, the omission of the above-referenced information renders statements in the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of the tender offer, Plaintiff will be unable to make a fully-informed decision regarding whether to tender her shares, and she is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff Against All Defendants for
Violations of Section 14(e) of the Exchange Act**

31. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

32. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . ." 15 U.S.C. § 78n(e).

33. Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, in conjunction with the tender offer. Defendants knew or recklessly disregarded that the Solicitation Statement failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

34. The Solicitation Statement was prepared, reviewed and/or disseminated by Defendants. It misrepresented and/or omitted material facts, including material information about the consideration offered to stockholders via the tender offer, the intrinsic value of the Company, the Company's financial projections, and the financial advisor's valuation analyses and resultant fairness opinion.

35. In so doing, Defendants made untrue statements of material fact and omitted material information necessary to make the statements that were made not misleading in violation of Section 14(e) of the Exchange Act. By virtue of their positions within the Company and/or roles in the process and in the preparation of the Solicitation Statement, Defendants were aware of this information and their obligation to disclose this information in the Solicitation Statement.

36. The omissions and misleading statements in the Solicitation Statement are material in that a reasonable stockholder would consider them important in deciding whether to tender their shares or seek appraisal. In addition, a reasonable investor would view the information identified above which has been omitted from the Solicitation Statement as altering the "total mix" of information made available to stockholders.

37. Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the tender offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

38. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff, and Plaintiff will be deprived of her entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the tender offer.

## COUNT II
### Violations of Section 14(d)(4) of the Exchange Act and Rule 14d-9 Promulgated Thereunder
### (Against All Defendants)

39. Plaintiff repeats and re-alleges each allegation set forth above as if fully set forth herein.

40. Defendants have caused the Solicitation Statement to be issued with the intention of soliciting stockholder support of the tender offer.

41. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

42. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which render the Solicitation Statement false and/or misleading.

43. Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the tender offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

44. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and Plaintiff will be deprived of her entitlement to make a fully informed decision if

such misrepresentations and omissions are not corrected prior to the expiration of the tender offer.

### COUNT III

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

45.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

46.     The Individual Defendants acted as controlling persons of Alder within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as directors of Alder, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Alder, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

47.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

48.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Alder, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Solicitation Statement

at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction. The Individual Defendants were thus directly involved in the making of the Solicitation Statement.

49. In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Solicitation Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

50. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

51. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(d) and (e), by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

52. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with,

consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Solicitation Statement;

B. Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

C. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E. Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: September 24, 2019

**OF COUNSEL:**

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
Gloria Kui Melwani
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114
Email: melwani@whafh.com

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*

15